IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

QUINCY JAY PLESSY                                                                           PETITIONER

V.                              No.  2:12-CV-02118

RAY HOBBS, Director,
Arkansas Department of Corrections                                                RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Defendant's Motion to Dismiss (ECF No. 7) filed September 13, 2012.

### I.  Background

In April 2011 the Petitioner was convicted by a jury in Sebastian County of Murder in the First Degree and being a Felon in Possession of a Firearm and sentenced to 360 months and 60 months in the Arkansas Department of Corrections consecutively.  The Petitioner appealed his sentence to the Arkansas Court of Appeal and alleged in his appeal that the trial court committed error as follows: (1) Insufficient evidence to support his conviction; (2)  Allowing an Amended Information on the eve of trial; (3)  Not granting a mistrial after alleged misconduct by prosecution; (4) Allowing statements of victim as a Dying Declaration; and (5) by allowing into evidence Prejudicial Photographs.  The Court of Appeal affirmed the trial court on January 18, 2012 (*See Plessy v. State*, 2012 WL 147123) and the Mandate was issued on February 7, 2012 (ECF No. 7-2).

On April 5, 2012 the Petitioner filed a timely Rule 37 Petition (Exhibit A), which was

Amended (Exhibit B) on April 20, 2012. On May 23, 2012 the Sebastian County Circuit Court entered an Order Denying Defendant's Rule 37 Petition (See Exhibit C) and the Petitioner appealed that Order to the Arkansas Court of Appeals where the appeal in currently pending. (Exhibit D).

On June 1, 2012, petitioner filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging as following grounds for federal habeas relief that he was convicted: (1) in violation of his rights under the Sixth and Fourteenth Amendments when evidence of a dying declaration was admitted at his trial; (2) in violation of his Sixth Amendment right to effective assistance of counsel; (3) in violation of the Fourteenth Amendment when the trial court admitted prejudicial photographs into evidence; (4) in violation of his Fourteenth Amendment when the trial court allowed the State to amend the charges against him on the eve of trial; (5) in violation of the Fourteenth Amendment when the trial court refused to declare a mistrial for prosecutorial misconduct; and (6) his conviction was not supported by substantial evidence.

On September 11, 2012 the Petitioner filed a Motion to Amend (ECF No. 6) seeking to file an Amended Petition under 2254 (ECF No. 6-1). The Amended Petition sets forth eight grounds. Grounds one through five set forth specific Ineffective Assistance of Counsel claims, Ground six through eight contain complaints against the trial court raised in his previous petition and addressed by the court of appeals.

On September 17, 2012 the court granted the Petitioner's Motion to Amend and the Amended Petition now sets forth the claims of the Petitioner.

## II. Discussion

Both the Petitioner's original petition (ECF No. 1) and his Amended Petition (ECF No. 6-1) contain exhausted and non-exhausted claims. Grounds 1, 3, 4, and 5 in his original Petition and Grounds 6, 7, and 8 in his Amended Petition were all appealed to the court of apples which affirmed the trial court. All of these Grounds deal with alleged errors committed by the trial court. Since these errors were appealed he has exhausted his claims.

All of his claimed errors concerning Ineffective Assistance of Counsel were raised in a timely Rule 37 Motion which was denied by the trial court and is currently on appeal to the Arkansas Court of Appeals. All of these claims have not been exhausted.

To Dismiss the Petitioner's entire Petition, as the State request, could adversely effect his exhausted claims since there is no guarantee that the Arkansas Court of Appeals will be able to decide the Petitioner's Rule 37 appeal prior to the running of the limitations period.

The Supreme Court considered this issue in *Rhines v. Weber*, 544 U.S. 269, 278, (2005), and concluded that when dismissal of a mixed petition without prejudice might unreasonably impair a petitioner's opportunity to obtain federal habeas review, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims."

The United States Supreme Court did not authorize dismissal of unexhausted claims as the only remedy however. The Court also authorized a "stay and abeyance" procedure for the petitioner's entire § 2254 petition. Rhines, 544 U.S. at 275. Specifically,

> Under this procedure, rather than dismiss the mixed petition pursuant to Lundy, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

Rhines, 544 U.S. at 275–76. Thus, the "stay and abeyance" procedure allows the petitioner to

attempt to exhaust his or her unexhausted claims in state court, while the entire petition is stayed in federal court, then, after all claims are exhausted, proceed with all of his or her claims for § 2254 relief in the original § 2254 proceeding in federal court.

In this case the Petitioner's unexhausted claims are pending before the Arkansas Court of Appeal and a decision should be rendered in due course. The court sees no detriment to allowing the cause to be stayed while the Arkansas Court of Appeal reached a decision regarding the IAC claims raised by the Petitioner. The Court further finds that the Respondent's Response should not be due until 30 days after the Arkansas Court of Appeal renders judgment.

### III. Conclusion

Based upon the forgoing I recommend that the instant Motion to Dismiss be **DENIED** and that all action on the current Petition be **STAYED** and held in **ABEYANCE** until the Arkansas Court of Appeal rules on the Petitioner's current appeal. It is further recommended that the Defendant's Response to the Petition shall be not be due until thirty (30) days after the Arkansas Court of Appeals renders its decision.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this September 24, 2012

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-5-