IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

QUINCY JAY PLESSY                                                    PETITIONER

     V.                                            No.  12-2118

RAY HOBBS, Director
Arkansas Department of Correction                                   RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions (ECF No. 1) filed June 1, 2012 under 28 U.S.C. Section 2254.  The Petitioner amended

his Petition (ECF No. 6) on September 13, 2012.  The Petition was stayed on December 3, 2012

(ECF No. 14) because the Petitioner had issues raised in the Petition that were pending before the

Arkansas Supreme Court. (ECF No. 14).  The Arkansas Supreme Court decided the Petitioner's

case adversely on April 10, 2014. The Petitioner then filed his third Petition (ECF No. 15) on

June 2, 2014. The State filed its Response (ECF No. 18) on July 7, 2014.  The Petitioner has not

filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background

Petitioner was convicted of first-degree murder and of committing a felony with a

firearm. His conviction was affirmed by the Arkansas Court of Appeals on January 18,2012.

*Plessy v. State*, 2012 Ark. App. 74, 388 S.W.3d 509. In affirming the conviction, the Arkansas

Court of Appeals refused to reach petitioner's challenge to the sufficiency of the evidence as it

was not preserved on appeal. *See Plessy,* 2012 Ark. App. at 3-4,388 S.W.3d at 512-513. The

Court of Appeals also held: (1) the trial court did not erroneously allow the State to amend its information because no surprise or prejudice arose from allowing the State's last-minute amendment; (2) the trial court did not err in refusing to declare a mistrial; (3) the trial court did not err by allowing testimony of the victim's dying declaration; and (4) the trial court did not err by allowing the admission of photographs of the crime scene. *Plessy,* 2012 Ark. App. at 4-12, 388 S.W.3d at 513-518. The Court of Appeals issued its Mandate on February 7,2012. (ECF No. #7, Ex. 1)

Petitioner filed a timely Rule 37 petition in the Sebastian County Circuit Court on April 5, 2012, and alleged that his counsel was ineffective for the following reasons: failure to object to a violation of his right to a speedy trial, for failing to advise him with respect to testifying in his own defense; failure to conduct an investigation of evidence against him; failure to impeach witnesses with their prior inconsistent statements; failure to interview defense witnesses; failure to develop mitigating evidence and to investigate sources of impeachment; failure to investigate forensic evidence; failure to produce an expert medical witness; failure to reintroduce defense evidence to the jury; failure to investigate alibi witnesses; failure to object to prejudicial character evidence; and failure to make a sufficient directed-verdict motion to preserve his challenge to the sufficiency of evidence on appeal.

In addition to the above-cited ineffective-assistance-of-counsel claims, petitioner raised the following independent claims for relief in his Rule 37 petition: denial of a fair and impartial trial in that the trial court allowed inconsistent dying declarations to be admitted into evidence; prosecutorial misconduct in that the prosecutor withheld evidence regarding a promise of leniency in exchange for petitioner's co-defendant's testimony, and by questioning petitioner

about matters that had been ruled inadmissible; and finally, petitioner alleges that his right to a speedy trial was violated in that he was tried over one year from the date of his arrest. (ECF No. #7, Ex. 2, p. 3; ECF No. #9, Ex. A) On April 20, 2012, petitioner filed a motion to amend his Rule 37 petition, and added the following: denial of due process in that the original information did not state with particularity the charges against him and was subsequently amended during trial, the jury instruction failed to set-forth intent necessary to prove first-degree murder, and the evidence was insufficient to support his conviction; prosecutorial misconduct in that evidence of eyewitness testimony was not disclosed; and ineffective assistance of counsel due to a failure to object to petitioner's custodial statement on the ground that the interrogators did not advise him of his lights; and failure to object to an inadequate jury instruction. (ECF No. # 9, Ex. B) The circuit court considered only the claims raised in the amended petition and denied relief on May 23 , 2012. (ECF No. # 9. Ex. C) Petitioner filed a Notice of Appeal on June 21, 2012, which is attached as Exhibit 1.

On June 1,2012, between the denial and appeal of petitioner's state post conviction proceedings, petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, (ECF No. #1) alleging the following grounds for federal habeas relief: (1) he was convicted in violation of his rights under the Sixth and Fourteenth Amendments when evidence of a dying declaration was admitted at his trial; (2) he was convicted in violation of his Sixth Amendment right to effective assistance of counsel; (3) he was convicted in violation of the Fourteenth Amendment when the trial court admitted prejudicial photographs into evidence; (4) he was convicted in violation of the Fourteenth Amendment when the trial court allowed the State to amend the charges against him on the eve of trial; (5) that he was convicted in violation of the

Fourteenth Amendment when the trial court refused to declare a mistrial for prosecutorial misconduct; and (6) his conviction was not supported by substantial evidence.

On September 11 , 2012, Petitioner filed a Motion for Permission to Amend his federal habeas petition, and attached his first amended petition which expanded the factual allegations underlying his original claims of counsel error. Petitioner also raised three additional claims for relief based on trial-court error with regard to the admission of the dying declaration, finding that the State had presented sufficient evidence of his guilt, and allowing the prosecution to amend the information on the eve of trial. (ECF No. 6).

With respect to his pending state appeal, petitioner did not file a brief with the Arkansas Supreme Court contesting the circuit court's denial of his Rule 37 petition, but instead filed a Petition to Reinvest Jurisdiction in the Circuit Court so that he could obtain a ruling on the ineffective-assistance-of-counsel claims raised in his original Rule-37 petition, that were not addressed by the circuit court's Order denying the amended petition. On April 10, 2014, the Arkansas Supreme Court issued a per curiam opinion, denying the petition and summarily dismissing the appeal sua sponte because petitioner had admittedly failed to obtain rulings from the circuit court.

Respondent failed to file his response to the petitioner's original petition for federal habeas relief within 30 days of the opinion issued by the Arkansas Supreme Court. However, petitioner filed a second motion to amend his petition, to add the following allegations of error in support of his ineffective-assistance-of-counsel claim: failure to conduct an investigation of the forensic evidence for the purpose of demonstrating that petitioner was not the shooter; failure to impeach a prosecution witness, Aquilla Owens, by citing inconsistencies between her statement

-4-

to police, and her testimony at trial. Petitioner also added an additional allegation that the admission of the dying declaration violated the Confrontation Clause of the United Constitution. (ECF No. #15) Petitioner's motion to amend his petition was granted on June 6, 2014, and respondent was ordered to file his response to petitioner's claims set forth in his original petition and the amended petitions. (ECF No. #17)

## II.  Discussion

### A.  Alleged Trial Court Error:

Petitioner raised claims for federal habeas relief based on the rulings of the trial court regarding an amendment to the information,[1] the admission of a dying declaration,[2] photographs of the victim,[3] the refusal to declare a mistrial,[4] and accepting a conviction that was not supported by sufficient evidence.[5]  For the reasons stated below, these claims are procedurally defaulted because petitioner's due process claims were not fairly presented to the state courts, and the claims are otherwise without merit.

Before bringing his claims to this Court, a petitioner must have presented his claims in state court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). The Eighth Circuit has explained that "A prisoner seeking a writ of habeas corpus from a federal court must first fairly present his claims to the state courts in order to meet the exhaustion

---

[1]This claim was raised in ground 4 of the original petition and in ground 8 of the first-amended petition.

[2]This claim was raised in ground 1 of the original petition, ground 6 of the first-amended petition, and ground 3 of the second-amended petition.

[3]This claim was raised in ground 3 of the original petition.

[4]This claim was raised in ground 5 of the original petition.

[5]This claim was raised in ground 6 of the original petition, and ground 7 of the first-amended petition.

requirement of 28 U.S.C. § 2254(b)." We have held repeatedly that a claim has not been fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas petition have been properly raised in the prisoner's state court proceedings. We have also held that a claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Krimmel v. Hopkins*, 56 F.3d 873, 875-76 (8th Cir.1995) (*citing Forest v. Delo*, 52 F.3d 716, 719 (8th Cir.1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.1995); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir.1993)) (citations omitted). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to " 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim *before the state courts.' " McCall v. Benson, 114 F.3d 754, 757 (8th Cir.1997) (quoting Myre* v. Iowa, 53 F.3d 199, 200-01 (8th Cir.1995) (quoting *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir.1988))). *Johnson v. Norris*, 2007 WL 2343883, 6 (E.D.Ark.) (E.D.Ark.,2007)

Here, petitioner alleges in his federal habeas petition that he was deprived of due process in violation of the Fourteenth Amendment, as a result of the trial court's evidentiary rulings and because the trial court allowed the prosecutor to amend the information and refused to declare a mistrial as a result of the prosecutor's conduct. Petitioner appealed his conviction to the Arkansas Court of Appeals contesting the same trial-court rulings. However, petitioner made no constitutional argument to the Arkansas courts, but relied instead on state law. No federal due process claim was raised, and, consequently the Court of Appeals did not address any federal claims, but affirmed his conviction solely on his state-law arguments. *Plessy,* 2012 Ark. App. 74;

388 S.W.3d at 513-518.

Even, however, if the court assumes the Petitioner's claims were not procedurally defaulted they are without merit.

**1. Photographs:**

Petitioner challenges, as due process violations, two evidentiary rulings by the trial court- the admission of allegedly prejudicial photographs and the admission of the victim's dying declaration. With respect to the admission of the photographs, the Arkansas Court of Appeals found that the photographs were relevant and admissible and stated:

> "The number of photographs admitted was not excessive, and the photographs were used to show the condition of Clayton's body and the type and location of his injuries, to enable witnesses to testify more effectively, and to help the jury better understand testimony concerning Clayton's wounds and cause of death. Accordingly, the trial court did not err in admitting them into evidence." *Plessy*, 2012 Ark. App. at 15.

The finding of the Court of Appeals that the photographic evidence was not "excessive" and was relevant to demonstrate the type and location of the victim's injuries, is not an unreasonable determination of the facts. Additionally, a federal court must presume that a factual determination made by the state court is correct, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner offers no clear and convincing evidence that the photographs were both inflammatory and irrelevant. *Kuntzelman v. Black*, 774 F.2d at 292

**2. Dying Declaration:**

Applying the standards discussed above, there is no showing that the Court of Appeals' opinion affirming the admission of the victim's dying declaration unreasonably conflicted with

federal constitutional law, or that its findings of fact that the victim's statement was made under circumstances indicating a sense of impending death, was unreasonable. *Plessy,* 2012 Ar. App. at 10-12,388 S.W.3d at 515-517. The dying declaration is a well-established exception to the hearsay rule which the United States Supreme Court has recognized. *Pointer v.Texas*, 380 U.S. 400, 407 (1965); see also *Idaho v. Wright*, 497 U.S. 805, 820 (1990). Moreover, the admission of a dying declaration does not conflict with United States Supreme Court precedent ,addressing the Confrontation Clause. *Martin v. Fanies*, 365 Fed. Appx. 736, 739 (8th Cir. 2010).

### 3.  Amended Information:

The Petitioner claims that Due Process was violated by allowing the State to amend the Information on the eve of trial. As noted by the Arkansas Court of Appeals the State filed notice that it intended to amend the information to include a felony-firearm enhancement on March 1, 2011 but did not actually amend the information until April 13, 20111. (*See Plessy v. State*, 2012 Ark. App. 74 at 5).  At the beginning of trial on April 18, 2011, as the court prepared to read the information to the jury, the prosecutor approached the bench and provided the court with a copy of the amended information. Counsel for Plessy objected to the timing of the amendment, but did not object to any particular change made. The prosecutor replied that the State had the right to amend the information before trial, and stated that the felony-firearm enhancement had been added pursuant to the written notice that was filed on March 1, 2011. The court denied Plessy's objection and the trial proceeded.  Arkansas allows amending the information by the State at any time prior to the case being submitted to the jury. (*See Hill v. State,* 370 Ark. 102 (2007)).

For purposes of due process analysis, the crucial question in state prosecutions is whether a defendant had sufficient notice of the potential charges against him so that he could prepare to

contest those charges. *Armontrout*, 916 F.2d 1310 at 1329; *see also Hulstine v. Morris*, 819 F.2d

861,864 (8th Cir.l987) (due process requirements may be satisfied if a defendant receives actual

notice of the charges against him even if the indictment or information is deficient).  Petitioner

was clearly not prejudiced due to the "late" filing of the Amended Information since he had been

placed on notice of the State's intent to file at lest 40 days prior to trial.

### 4. Motion for Mistrial:

Petitioner alleges that the trial court was required by due process to declare a mistrial

because the prosecutor continued to question petitioner about his signature on a document in

contravention of the trial court's ruling.  This ruling, likewise, was addressed by the Arkansas

Court of Appeals.  The court opinion recites that the victim, when discovered by a first responder

stated that he was shot by "Q".  The court opinion then relates what happened as follows:

> At trial, several witnesses for the State testified that Plessy goes by
> the nickname "Q," and Plessy testified that although he did not personally
> "go by Q," other people, including Clayton, did call him that. During
> cross-examination by the State, the prosecutor showed Plessy a letter and
> asked him if he wrote it. Plessy said that he did not remember the letter. The
> prosecutor told him that the letter was from his school file, but Plessy again
> denied that he wrote the letter and said he did not remember it or know the
> person to whom it was addressed. When the prosecutor asked Plessy how the
> letter was signed, defense counsel requested a bench conference. At the
> bench, the court told the prosecutor not to ask further questions about the
> letter unless Plessy admitted that he wrote it.
>
> Back in open court, the prosecutor again asked Plessy how the letter
> was signed, in contravention of the court's instruction. Before counsel could
> object, Plessy replied, "Q." At a second bench conference, defense counsel
> moved for a mistrial because the prosecutor continued to ask about the letter
> after the court told him not to. The court denied the motion on the grounds
> that Plessy had already testified that he never saw the letter.  (Id., p. 8)

-9-

Trial courts are given  "broad discretion to grant or deny a motion for mistrial because it is in a far better position to weigh the effect" of any possible prejudice. *United States v. Davidson*, 122 F.3d 531, 538 (8th Cir.1997). Further, the district court is in the best position to craft a remedy, given that "less drastic measures [than mistrial] such as a cautionary instruction are generally sufficient to alleviate prejudice" stemming from accidental comments. Id.

The Arkansas Court of Appeals held:

> We do not find that Plessy's statement that the letter was signed "Q," or the prosecutor's action in eliciting that testimony, resulted in the level of prejudice that would merit a mistrial. There was evidence before the jury that Plessy was known by the nickname "Q," including the testimony of at least three State witnesses and Plessy's own testimony that some people, including the victim Thomas Clayton, called him "Q." As such, the statement does not constitute prejudice severe enough to render the trial fundamentally unfair. We find no abuse of discretion in the trial court's denial of Plessy's motion for a mistrial.

This court agrees that there was no prejudice to the Prosecuting Attorney's behavior although certainly inexplicable and unprofessional.

**5.  Uncorroborated Testimony of an Accomplice:**

The Petitioner's final claim of trial court error is that Due Process was violated "due to the trial court allowing a conviction of a felony upon the uncorroborated testimony of an accomplice. (ECF No. 1, p. 9; ECF No. 6-1, p. 13). The Petitioner argues that someone was an "accomplice" and then argues that the "State attempted to corroborate the accomplice's statement with circumstantial evidence, but that evidence was limited at best and was not material in nature and did not connect the defendant to the actual death." (Id.)

It is unclear exactly who the Petitioner is claiming was an accomplice. The court notes that in the appeal to the Arkansas Court of Appeals the opinion reflects that:

-10-

"Plessy contends that the trial court erred in allowing a felony conviction because the testimony of his accomplice, Jamal Gibson, was not corroborated at trial, and that there was therefore insufficient evidence to convict him of first-degree murder.  *Plessy v. State*  2012 Ark. App. 74, 3, 388 S.W.3d 509, 512 (Ark.App.,2012).

It appears that Jamal Gibson was charged as a co-defendant with Quincy Plessy in the Circuit Court of Sebastian County in CR 09-01336 with Murder in the First Degree.  Under Ark.Code Ann. § 16–89–111(e)(1)(A) (Repl.2006), a conviction cannot stand based on an accomplice's testimony unless that testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense.

The test for corroborating evidence is whether, if the testimony of the accomplice were totally eliminated from the case, the other evidence independently establishes the crime and **tends** to connect the accused with its commission. *Henderson v. State*, 337 Ark. 518, 990 S.W.2d 530 (1999). Corroborating evidence must be sufficient standing alone to establish the commission of the offense and to connect the defendant with it. *Gordon v. State*, 326 Ark. 90, 931 S.W.2d 91 (1996). *See also, Hogue v. State*, 323 Ark. 515, 915 S.W.2d 276 (1996); *Daniels v. State*, 308 Ark. 53, 821 S.W.2d 778 (1992); *Andrews v. State*, 305 Ark. 262, 807 S.W.2d 917 (1991). Circumstantial evidence qualifies as corroborating evidence but it, too, must be substantial. Gordon, supra.

Here the co-defendant's testimony was corroborated by the dying declaration of the victim that he was shot by "Q" and by the confession of the Petitioner to Britney Camese that he "had to shoot somebody before they shot him." (ECF No. 18-7, p. 8). Corroboration need not be so substantial in and of itself as to sustain a conviction.  *McGehee v. State*  348 Ark. 395, 409, 72

-11-

S.W.3d 867, 875 (Ark.,2002). There clearly was corroboration of the co-defendant's testimony and the trial court committed no error in refusing to grant a directed verdict in favor of the Petitioner.

All of the Petitioner's claims that he was denied Due Process by the rulings of the trial court are without merit and the court will address his claims of ineffective assistance of counsel stated within each Petition.

**B.  Ineffective Assistance of Counsel:**

To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, Petitioner must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must first show that his counsel's performance was deficient. Id. at 688, 104 S.Ct. 2052. To satisfy this prong Petitioner must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689, 104 S.Ct. 2052. Even if Petitioner could prove deficient performance, he would still have to prove prejudice by showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. To prevail on his claim of ineffective assistance, Petitioner must therefore prove that the outcome would have been different if his counsel had cited and argued Coulter at his trial or that the state supreme court would have reversed the conviction if counsel had cited Coulter on direct review. *Davis v. Norris,* 423 F.3d 868, 877 (C.A.8 (Ark.),2005).

Petitioner makes numerous allegations of Ineffective Assistance of Counsel and the court

will attempt to address and group them by the petitions that were filed.

      **1. First Petition: (ECF No. 1)** filed June 1, 2012

      **Ground Two:**  In Ground Two of his First Petitioner the Petitioner claims that his attorney was ineffective because he a) did not investigate prosecution evidence; b) failed to impeach know witness of their prior statement; c)failed to interview defense witnesses; d) failed to develop mitigating evidence; e) failed to investigate forensic of shooting and alibi witness; f) refused to call expert medical witness; g) failed to make specific grounds on why the evidence was insufficient.

      The Petitioner's allegations in (a)-(f) are all conclusory and he offers no explanation on what exactly the investigation would have produced, what specific steps should have been taken to impeach, what witnesses he failed to interview or what they would say, what mitigating evidence exist, or how a medical expert testimony could have impacted the trial.

      Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).  *See also  Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

      "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

      The failure to make grounds on why the evidence was insufficient (g) was addressed by

the Arkansas Court of Appeals. As noted above the Petitioner attempted to claim on appeal that the trial court committed error by allowing the "uncorroborated" testimony of Jamal Gibson. Jamal Gibson was in the car with the Petitioner and the victim at the time of the shooting and testified at the trial. (ECF No. 18-5).  The Court of Appeals stated that: " we are precluded from considering a sufficiency-of-the-evidence argument because it was not preserved for appeal." At the close of the State's case-in-chief, defense counsel for the appellant made this motion: "Also, move for a directed verdict in this case saying that the evidence does not rise to [a] sufficient level to take this case to the jury." The court denied the motion. At the close of all evidence, counsel renewed the motion by stating, "I'd also like to move at this time for a directed verdict in this case, directed verdict of a [sic] acquittal." The trial court again denied the motion.  The Court of Appeals noted that "Arkansas Rule of Criminal Procedure 33.1(a) (2011) requires that a motion for a directed verdict specify how the evidence is deficient. A party is bound by the scope and nature of his directed-verdict motion and cannot change the grounds on appeal. An appellant's failure to raise the issue of accomplice corroboration in his directed-verdict motion precludes appellate review of that issue. Because Plessy's directed-verdict motion did not specify any deficiency in the State's proof, we cannot consider his claim that the evidence at trial was insufficient to convict him."  *Plessy v. State*  2012 Ark. App. 74, 3, 388 S.W.3d 509, 512 (Ark.App.,2012)

Petitioner  would  have to prove prejudice by showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland  at 694, 104 S.Ct. 2052. Here, besides the testimony of Jamal Gibson, who

was an eyewitness to the shooting, there was the testimony of Britney Camese who testified that, in a conversation with her, the Petitioner admitted shooting the victim . (ECF No. 18-7, p. 8). Aquila Owens placed the Petitioner driving his car and placed the Victim, Petitioner and Gibson in the vehicle shortly before the shooting. (ECF No. 18-9, p. 4). This evidence coupled with the dying declaration of the victim that he had been shot by "Q" made the attorney's error in failing to specify the grounds for his objection harmless and to motion for a directed verdict was meritless. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990)

**2. First Amended Petition (ECF No. 6-1) filed September 11, 2012**.

**Ground One:** In Ground one the Petitioner claim ineffective assistance because his attorney failed to examine the victim's autopsy so that a defense could be made that the shooter was not the driver.

Brandon Djordjevic, a detective with the Fort Smith Police Department testified about pictures that were admitted at trial (Trial Exhibits 35-42) which showed the trajectory of the bullets. He testified that the pictures showed dowel rods that he had placed through holes in the front of the seat, the back of the seat and into the trunk lining. (ECF No. 18-8, p. 2-3). He then testified that it was his opinion that the gun was fired from the driver's side. (Id.).

Dr. Daniel Konzelmann, with the Arkansas State Crime Lab, did testify at trial. (ECF No. 18-10, p. 3). There is no evidence that the Petitioner's attorney did not review the autopsy report in connection with the examination of Dr. Konzelmannn. In addition the Petitioner testified at trial that Jamal Gibson borrowed his car and shot the victim while Gibson was driving (ECF No. 18-11, p. 2-3) and any trial strategy attempting to prove the shooter was not the driver

would have been contra to the Petitioner's own testimony.

       **Ground Two:** The Petitioner contends his attorney was ineffective because he failed to get an expert to testify "about victim's inconsistent dying declarations so as to educate themselves on medical issues concerning victim being delusional at the time of going in and out of consciousness, which was that very moment conflicting statements was made by the victim." (ECF No. 6-1, p. 6).

       There is no fact stated that would allow the court to conclude that there is an expert that could voice an opinion about "inconsistent dying deceleration".  Conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or post-conviction relief.  *See Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983); *Greene v. State*  356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (Ark.,2004).

       **Ground Three**: The Petitioner asserts that his attorney was ineffective because he failed to preserve the Petitioner's insufficient evidence claim. (ECF No. 6-1, p. 8).  This claim, for the reasons stated above, is without merit.

       **Ground Four:** The Petitioner asserts that his attorney was ineffective because he "failed to investigate evidence in possession of the Prosecutor's Attorney Office which was statements by Chelsea Steinbock, Aquilla Owens, Demondra Williams, Starla Minor, and co-defendant Jamal Gigson. Counsel failed to put on exculpatory and mitigating evidence.  An investigation into these witnesses would have lead to other relevant evidence." (ECF No. 6-1, p. 9).

       Counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Whitmore v. Lockhart*, 8 F.3d 614, 618-19 (8th Cir.1993) (*quoting Strickland*, 466 U.S. at 691). "[C]omplaints of uncalled witnesses are not

-16-

favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). "To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony 'would have probably changed the outcome of the trial.'" *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir.1996) (*quoting Stewart v. Nix,* 31 F.3d 741, 744 (8th Cir.1994)).

The Petitioner has not set forth what the "exculpatory" or "mitigating" evidence is that his attorney failed to obtain much less demonstrated how that would have changed the outcome of the trial. Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v.United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

**Ground Five:** Petitioner contends his attorney was ineffective because he failed to object to the mental evaluation he received. (ECF no. 6-1, p. 10).

A Motion for Psychiatric Evaluation was filed on December 28, 2009 by the Petitioner privately retained attorney and an order entered for Mental Health Evaluation on January 5, 2010. The Petitioner filed a Motion to reschedule the Psychiatric Evaluation on April 5, 2010. The Forensic Evaluation Report was filed with the court on June 18, 2010. The Petitioner's case was

not tried to a jury until April 18, 2011 and this is the first time the Petitioner has raised any issue about his mental exam not being sufficient nor did he raise the issue in his Rule 37.1 Petition filed in state court (ECF No. 9-1, p. 3) or his Amended Rule 37.1 (ECF No. 9-1, p. 10-11).

Again, the Petitioner does not state how the examination was inadequate or how it affected his trial and his claim is without merit.

### 3. Second Amended Petition (ECF No. 15) filed June 2, 2014:

**Ground One**: Petitioner contends he received ineffective assistance of counsel when his attorney failed to develop forensic evidence of the shooting. (Id., p. 2). For the reasons stated above this argument is without merit.

**Ground Two:** Petitioner contends counsel was ineffective in failing to impeach Aquilla Owens with her out of court statements. (Id., p. 3). The Petitioner contends that Ms. Owens gave statements to the police, when they were investigating the murder, that she had see seen the Petitioner at 3:45 and they spoke for 15 minutes. Petitioner contends that when Ms. Owens testifies at trial she testified that she saw the Petitioner at 4:00 pm and that they spoke for 40 minutes. (Id., p. 4)

The trial transcript shows that Ms. Owens testified that she saw Quincy Plessy at the Duke Avenue apartments "in between like 3:45 or 4 o'clock" (ECF No. 18-9, p. 2 and that they spoke for 30 or 40 minutes. (Id., p. 4).

There is no showing that this failure, if it existed at trial, was deficient on the part of the Petitioner's attorney nor does it demonstrate that the outcome of the trial wold be different had the attorney referenced these alleged inconsistences.

### III. Conclusion

-18-

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of August  2014

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE