IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

QUINCY JAY PLESSY                                                    PETITIONER

v.                              Case No. 2:12-CV-02118

RAY HOBBS, Director, Arkansas Department of Corrections        RESPONDENT

## O R D E R

The Court has received proposed findings and recommendations (Doc. 19) from Chief United States Magistrate Judge James R. Marschewski.[1]  The Court has conducted a careful review of the findings and recommendations and of objections (Docs. 21, 22) filed by Petitioner Quincy Jay Plessy.  After reviewing the record *de novo* as to Plessy's objections, the Court finds as follows:

As a preliminary matter, Plessy states that he "amended his petition raising *only* three grounds for relief for the Court to consider." (Doc. 21, p. 1 (citing Doc. 15)).  Furthermore, Plessy presented arguments only as to the following three alleged grounds for relief in his objections: (1) ineffective assistance of counsel in that trial counsel did not adequately investigate forensic evidence as to trajectory of the bullets, which investigation Plessy alleges would have challenged the credibility of the testimony of accomplice Jamal Gibson and bolstered Plessy's own credibility; (2) ineffective assistance of counsel in that trial counsel did not adequately impeach the testimony of Aquilla Owens with a prior inconsistent statement; and (3) the trial court's violation of the confrontation clause by allowing testimony as to the victim's contradictory dying declarations.  As Plessy has only presented objections as to these grounds for relief, and as the Court otherwise finds the Magistrate's report to be proper and absent clear error as to any other claims for relief previously

---

[1] Judge Marschewski is now retired and on recall status, but was Chief Magistrate at the time the report was entered.

advanced by Plessy, the Court will address Plessy's objections in the context of only the three grounds for relief listed above.

Plessy attached an exhibit to his objections showing he mailed a motion for extension of time/leave to file a reply to respondent's response on July 11, 2014.  For whatever reason, that motion was never received by the Court, and the Magistrate's report was entered without Plessy having filed a reply.   Nevertheless, Plessy has been able to respond to the report and recommendations of the Magistrate, and the Court has considered that response.  It does not appear that Plessy therefore suffered any prejudice as a result of his motion for extension not having been received.

Plessy first objects to the Magistrate's recommendations by arguing that he was prevented from being able to sufficiently develop the factual support for his claims.  In this vein, Plessy objects that he was never given an evidentiary hearing, citing to *Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013).  The remand for an evidentiary hearing in *Sasser* was based on the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).  The Supreme Court in *Martinez* held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  132 S.Ct. at 1320.  *Trevino* expanded the *Martinez* holding to apply where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance

of trial counsel on direct appeal." 133 S.Ct. at 1921.  The Eighth Circuit held in *Sasser* that *Martinez* and *Trevino* apply to cases arising from Arkansas.  735 F.3d at 853.

Here, Plessy actually raised the same issues of ineffective assistance of counsel he raises in his second amended habeas petition in his Rule 37 petition in the Sebastian County Circuit Court. (Doc. 7-1, p. 3).  However, those claims were not addressed by the circuit court.  "The trial court's order address[ed] only the issues [Plessy] raised in an amended petition that [Plessy] later filed, and it did not address those issues in the original petition."  (Order of Supreme Court of Arkansas, dismissing Plessy's appeal of denial of Rule 37 petition, Doc. 18-4, pp. 1-2).  On appeal of his Rule 37 petition, Plessy asked the Supreme Court of Arkansas to "reinvest jurisdiction" in the circuit court so that the circuit court could address the claims raised in his original petition.  *Id*.  The Supreme Court dismissed Plessy's appeal, holding that the fact of Plessy's incarceration did not excuse him from following appropriate procedure in seeking review of his claims.  *Id*.  Plessy did not procedurally default on his claims in the sense that he completely failed to raise them in state court. Plessy did, however, procedurally default on the claims in the state court proceeding itself as a result of his inexpertise in the law.  The Court finds that the circumstances of this case are such that procedural default of those claims may be excused pursuant to *Martinez* and *Trevino* as the claims were not *properly* presented due to the fact that Plessy was proceeding without the assistance of legal counsel.

As the Eighth Circuit has stated:

"In light of *Trevino* and *Sasser*, the equitable exception to procedural default applies to [Plessy's] claims [of ineffective assistance of trial counsel] if [Plessy] meets the criteria established in *Martinez*.  A federal court is allowed to find 'cause,' thereby excusing a habeas petitioner's procedural default in Arkansas, where (1) the claim of ineffective assistance of trial counsel was a 'substantial' claim; (2) the 'cause'

consisted of there being 'no counsel' or only 'ineffective' counsel during the state
collateral review proceeding; and (3) the state collateral review proceeding was the
'initial' review proceeding with respect to the 'ineffective-assistance-of-trial-counsel
claim.'"

*Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014) (quoting *Trevino*, 133 S. Ct. at 1918). "A
'substantial' ineffective-assistance claim is one that has some merit." *Id*. *Sasser* does not establish
a rule whereby all procedurally defaulted ineffective-assistance claims must be considered via an
evidentiary hearing. Rather, "it stands as authority that [the] court may evaluate whether claims of
ineffective-assistance are 'substantial' or 'potentially meritorious'" in the course of determining
whether an evidentiary hearing is warranted. *Id*. Because the Court finds, as set forth below, that
Plessy's claims are not substantial or otherwise potentially meritorious, the Court finds that no
evidentiary hearing was mandated or warranted in this case.

The only ineffective assistance argued by Plessy in his objections are his trial counsel's
failure to properly impeach Aquilla Owens and his trial counsel's failure to adequately investigate
forensic evidence. Neither of these alleged failures was so substantial as to render Plessy's trial
counsel ineffective. First, "how much to impeach a witness is generally a matter of trial strategy left
to the discretion of counsel." *Id*. at 835. Furthermore, even if Plessy's counsel was ineffective for
not impeaching Owens with her prior inconsistent statement, Plessy has not made a substantial claim
of prejudice. There was strong evidence to support the jury's finding of guilt, including Plessy's
statement to Britney Camese on the day of the murder that "he had to shoot somebody" (Doc. 18-7,
p. 8), the victim's statement of "Q" in response to the first responder's question as to who shot him,
and the testimony of accomplice Jamal Gibson, who testified that he was present when Plessy shot
the victim. Forensic evidence supported Jamal's story that Plessy shot the victim while Plessy was

-4-

driving his car, the victim was in the rear passenger seat, and Jamal was in the front passenger seat. Brandon Djordjevic with the Fort Smith Police Department testified that he determined, independent of hearing any theory of the case, that the trajectory of the bullets was from the driver's seat to the rear passenger seat. (Doc. 18-8). Djordjevic also found Plessy's fingerprints on the driver's side door and Gibson's on the passenger's-side door. *Id*. It is undisputed that the victim threw himself from the rear of Plessy's car after he had been shot.

There is no reasonable probability that impeachment of Owens as to a prior inconsistent statement would have made any difference in the outcome of the trial. Furthermore, Plessy mischaracterizes Owens's testimony at trial. Plessy argues that "it was impossible for Ms. Q [Owens] to see the petitioner picking up the victim at or between 3:45 p.m. and 4:00 p.m. because the victim was picked up by Gibson at around 4:54 p.m." (Doc. 22, p. 8). Owens did not testify that she saw Plessy picking up the victim between 3:45 and 4:00. Rather, Owens testified that she saw Plessy around 3:45 or 4:00 on the day of the murder and talked to him for 30 to 40 minutes. (Doc. 18-9, p. 4). Owens stated that Plessy then drove his car to the area of the apartment where the victim was and "parked for a while. And then they all got back in the car, and [the victim] got back in the car." *Id*. It was not unreasonable for Plessy's counsel to not impeach Owens about any fairly minor difference in the exact time that she saw Plessy or the exact length of time she spoke to him.

As to trial counsel's failure to adequately investigate forensic evidence, Plessy argues that the victim received wounds to the right side of the body that would have been arguably inconsistent with Jamal Gibson's version of events—that Plessy shot the victim from the driver's seat. However, as already discussed, the testimony of Officer Djordjevic tended to support Gibson's story. Furthermore, Gibson testified that the victim fell over in the backseat at some point during the

shooting and then threw himself out the rear door behind the driver's seat.  (Doc. 18-5, p. 8).  A wound from the right to left side of the victim's body would not necessarily be inconsistent with the victim attempting to escape via the driver's side of the car.  Plessy states that "[i]t is assumed counsel reviewed the autopsy report by Dr. Konzelmann, but must have overlooked the analysis concerning the wounds the victim received." (Doc. 22, p. 3)  Plessy's claim of inadequate investigation appears to be based on an assumption.  The Court cannot simply assume that Plessy's counsel failed to investigate when it was reasonable for counsel to not make an issue of the trajectory of the wounds at trial.  The Court finds that Plessy has not stated a substantial claim of ineffective assistance or of prejudice in regard to his counsel's failure to adequately investigate forensic evidence.

Plessy also objects that the trial court violated the confrontation clause by allowing testimony as to the victim's contradictory dying declarations.  "Under *Crawford . . .* the Confrontation Clause has no application to [nontestimonial] statements and therefore permits their admission even if they lack indicia of reliability."  *Whorton v. Bockting*, 549 U.S. 406, 420 (2007) (citing *Crawford v. Washington*, 541 U.S. 36 (2004)).  Statements are nontestimonial when made in the course of an ongoing emergency, where the purposes of the statement is not primarily "to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006).  The victim's dying declarations in this case were not testimonial. The victim made an informal statement to a bystander and to a first responder at the scene, immediately after being shot, during a time when the perpetrator was unknown and unapprehended.  It is important for first responders to be able to ensure that a shooter is not in the immediate vicinity when tending to a victim.  Plessy was able to challenge the reliability of the victim's statement at trial.  He did not have a constitutional right to confront the declarant.  Therefore, even assuming Plessy's claim was not

procedurally defaulted for failure to raise a federal confrontation clause claim during his direct appeal in state court, his claim fails on the merits. The trial court's ruling did not conflict, unreasonably or otherwise, with established constitutional law. *See* 28 U.S.C. § 2254(d)(1).

Plessy also objects on procedural grounds that his motion for discovery (Doc. 16) was summarily denied by the Magistrate (Doc. 17) and he was therefore not afforded a reasonable process to obtain factual support for his claims. "The 'good cause' that authorizes discovery under Rule 6(a) [of the Rules Governing Section 2254 Cases in the United States District Courts] requires a showing that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to habeas relief." *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (internal quotation omitted). Plessy does not cite to any specific facts that he believes could have been more developed to support his claims, nor can the Court find that any more fully developed facts would have enabled Plessy to demonstrate entitlement to habeas relief.

Finally, Plessy objects that Respondent never filed a complete trial transcript of Plessy's criminal trial or a copy of Plessy's direct appeal brief and so the Court could not effectively assess the merits of Plessy's claims. Plessy does not, however, point to any specific deficiencies in the record that would prevent the Court from adequately addressing his claims. Rule 5(c) of the Rules Governing Section 2254 Cases requires only that respondent "attach to the answer parts of the transcript that the respondent considers relevant." The Court finds that the record was sufficient to enable the Court to rule on Plessy's claims.

IT IS THEREFORE ORDERED that the report and recommendation (Doc. 19) is ADOPTED to the extent it does not conflict with this order.

-7-

IT IS FURTHER ORDERED that Petitioner's motion for a complete trial transcript and for appointment of counsel (Doc. 23) is DENIED.  Judgment will be entered dismissing this case, so there is nothing left to litigate.  If Petitioner chooses to appeal and his appeal is accepted by the Circuit Court, he can bring up these issues on appeal.

IT IS FURTHER ORDERED that Petitioner's motion for certificate of appealability is DENIED, as it was filed prematurely, prior to this final order being entered.  Petitioner can file a new motion for certificate of appealability after review of this order.

IT IS FURTHER ORDERED that Mr. Plessy's petition is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 9th day of February, 2015.

_/s/ P. K. Holmes, III_

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE