IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

QUINCY J. PLESSY                                                    PETITIONER

V.                            No. 2:12-CV-02118

RAY HOBBS, Director,
Arkansas Department of Corrections                                 RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Petitioner's Motion for a
Certificate of Appealability (Doc. 27) filed March 11, 2015, and the Motion for Leave to Appeal In
Forma Pauperis (Doc. 29) filed March 12, 2015. The Motion for Leave to Appeal In Forma Pauperis
was referred to the undersigned on March 12, 2015, and the Motion for a Certificate of Appealability
was referred to the undersigned on March 16, 2015.

### I.  Background

The Background is set forth in the Magistrate Judge's Report and Recommendation (Doc.
19) filed on August 1, 2014, which was approved by Order (Doc. 25) of the District Court entered
on February 9, 2015. A Judgment (Doc. 26) was entered on February 9, 2015 dismissing Plessy's
§ 2254 Petition with prejudice.

### II. Discussion

In his Objections to the Magistrate Judge's Report and Recommendation filed August 13,
2014, Plessy states that he "amended his petition raising *only* three grounds for relief for the Court
to consider." (Doc. 21, p. 1 (citing Doc. 15)) Plessy's objections to the Magistrate Judge's Report
and Recommendation presented arguments only as to those three grounds for relief: (1) ineffective

assistance of counsel in that trial counsel did not adequately investigate forensic evidence as to trajectory of the bullets, which investigation Plessy alleges would have challenged the credibility of the testimony of accomplice Jamal Gibson and bolstered Plessy's own credibility; (2) ineffective assistance of counsel in that trial counsel did not adequately impeach the testimony of Aquilla Owens with a prior inconsistent statement; and, (3) the trial court's violation of the confrontation clause by allowing testimony as to the victim's contradictory dying declarations.

Before reaching his alleged grounds for relief, Plessy first objected to the denial of an evidentiary hearing, citing *Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013). (Doc. 21, p. 1) Plessy also objected to the denial of discovery and the Respondent's failure to file a complete trial transcript. (Doc. 21, p. 2) Plessy argues that these procedural objections prejudiced his ability to present and develop the factual support for his alleged grounds for relief. (Doc. 21, p. 2)

The Court concluded in its Order entered on February 9, 2015, that while Plessy did not procedurally default on his claims in the sense that he completely failed to raise them in state court, he did procedurally default on the claims in the state court proceedings as a result of his inexpertise in the law; but, under such circumstances, procedural default of those claims may be excused pursuant to *Martinez*[1] and *Trevino*[2] as the claims were not *properly* presented due to the fact that Plessy was proceeding without the assistance of counsel. (Doc. 25, p. 3) The Court further observed that "[a] 'substantial' ineffective-assistance claim is one that has some merit," *Martinez*, 132 S. Ct. at 1318, and that *Sasser* does not establish a rule whereby all procedurally defaulted ineffective-assistance claims must be considered via an evidentiary hearing, but rather, "it stands as authority

---

[1] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

[2] *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

that [the] court may evaluate whether claims of ineffective-assistance of counsel are 'substantial' or 'potentially meritorious'" in the course of determining whether an evidentiary hearing is warranted. (Doc. 25, p. 4, citing *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2104)(quoting *Trevino*, 133 S. Ct. at 1918)) The Court then addressed Plessy's three grounds for relief, finding them not to be "substantial" or otherwise "potentially meritorious" so that no evidentiary hearing was warranted. (Doc. 25, p. 4)

As to Plessy's claim that his motion for discovery (Doc. 16) was summarily denied by the Magistrate Judge (Doc. 17), the "good cause" that authorizes discovery under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires a showing "that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to [habeas] relief." *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009)(quoting from *Bracy v. Gramley*, 520 U.S. 899, 909 (1997)). Plessy's objections to the Magistrate Judge's Report and Recommendation did not specify any facts that he believed could have been more fully developed to support his claims, nor does he specify any such additional facts in his Motion for Certificate of Appealability.

Regarding Plessy's claim that Respondent never filed in this habeas case a complete transcript of his criminal trial or a copy of his direct appeal brief, so the Court could not effectively assess the merits of his claims, Plessy's objections to the Magistrate Judge's Report and Recommendation did not specify any deficiencies in the record that would prevent the Court from adequately addressing his claims, nor does he specify any such deficiencies in the record in his Motion for Certificate of Appealability.

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one

demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The factors to consider when determining if a certificate of appealabiltiy should be issued are as follows: (1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted. *Slack*, 529 U.S. at 484–85; *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002).

In his Motion for Certificate of Appealability, Plessy asserts that jurists of reason can differ with the District Court's conclusion that his claim of ineffective assistance of counsel for failure to impeach Aquilla Owens was not so "substantial" as to require an evidentiary hearing. (Doc. 27, p. 2) He argues that Ms. Owens "made no mention in her [prior] statement to detectives concerning that she witnessed the victim being picked up by Plessy;" that Ms. Owens' trial testimony was inconsistent with her prior statement; that Ms. Owens' unimpeached testimony was so harmful that it undermined his defense that he was not present when the victim was shot; and, that his trial counsel had a duty to defend the credibility of his defense by impeaching Ms. Owens' testimony. (Doc. 27, p. 2-3) He also asserts that it is debatable whether the District Court conducted the prejudice analysis required by *Strickland*[3], because the Respondent did not file a complete record of the evidence presented at trial. (Doc. 27, p. 3) These issues were addressed and discussed by the Court in its Order. The Court noted that, "how much to impeach a witness is generally a matter of

_____

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

trial strategy left to the sound discretion of counsel." *Dansby*, 766 F.3d at 835. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *U.S. v. Rice*, 449 F.3d 887 at 897 (quoting *Strickland*, 466 U.S. at 690). See also *Francis v. Miller*, 557 F.3d 894 (8th Cir. 2009)(trial strategy decision, if reasonable at the time, cannot support ineffective assistance claim even if, in hindsight, better choices could have been made). In finding that Plessy had not made a substantial claim of prejudice, the Court commented that there was strong evidence to support the jury's finding of guilt, including: Plessy's statement to Britney Camese on the day of the murder that "he had to shoot somebody" (Doc. 18-7, p. 8), the victim's statement of "Q" in response to the first responder's question as to who shot him, and the testimony of accomplice Jamal Gibson, who testified that he was present when Plessy shot the victim. The Court also pointed out the following evidence of Plessy's guilt at trial: forensic evidence supported Jamal's story that Plessy shot the victim while Plessy was driving his car, the victim was in the rear passenger seat, and Jamal was in the front passenger seat; that Brandon Djordjevic, Patrol Officer with the Fort Smith Police Department, testified that he determined, independent of hearing any theory of the case, that the trajectory of the bullets was from the driver's seat to the rear passenger seat (Doc. 18-8); that Officer Djordjevic also found Plessy's fingerprints on the driver's side door and Gibson's on the passenger's side door (Doc. 18-8); and, that it is undisputed that the victim threw himself from the rear of Plessy's car after he had been shot. Considering such strong evidence of Plessy's guilt, the Court concluded that there is no reasonable probability that impeachment of Ms. Owens as to a prior inconsistent statement would have made any difference in the outcome of the trial. (Doc. 25, p. 5) The undersigned finds no basis to conclude otherwise or to believe that reasonable jurists may differ on this issue.

Plessy next argues in the instant Motion that "it is debatable whether the wounds described in the victim's autopsy is inconsistent with the driver being the shooter," and that in its analysis "the District Court mischaraterized (sic) Jamal Gibson's testimony." (Doc. 27, p. 4) An examination of Jamal Gibson's trial testimony confirms that he testified that the victim fell over in the backseat at some point during the shooting and then jumped out of the rear door behind the driver's seat. (Doc. 18-5, p. 8) Plessy asserts that under these circumstances "it would have been unlikely that the victim would have received gunshot wounds to the right side of his body in the manner as described in the autopsy." (Doc. 27, p. 5) The Court found that a wound from the right side to the left side of the victim's body would not necessarily be inconsistent with the victim attempting to escape via the driver's side of the car, and that the testimony of Officer Djordjevic tended to support Gibson's story. (Doc. 25, pp. 5-6) Plessy alleged that "[i]t is assumed counsel reviewed the autopsy report by Dr. Konzelmann, but must have overlooked the analysis concerning the wounds the victim received." (Doc. 22, p. 3) From this the Court concluded that Plessy's claim of inadequate investigation "appears to be based on an assumption," and the Court "cannot simply assume that Plessy's counsel failed to investigate when it was reasonable for counsel to not make an issue of the trajectory of the wounds at trial." (Doc. 25, p. 6) As noted above, trial strategy decisions, if reasonable at the time, cannot support an ineffective assistance claim. *Id*. Considering the evidence of record, the undersigned concludes that reasonable jurists would not differ on this issue.

Plessy's third ground for relief is that the trial court erred in admitting untrustworthy dying declarations. He argues that reasonable jurists may disagree on whether the victim's dying declarations are non-testimonial hearsay which would require indicia of reliability. (Doc. 27, p. 5) He questions the application of *Whorton v. Bockting*, 549 U.S. 406, 420 (2007) and *Davis v.*

-6-

*Washington*, 547 U.S. 813, 822 (2006) to the circumstances of his case; but, he argues that even if these cases do apply, there was no on-going criminal conduct at the time the dying declarations were made. (Doc. 27, p. 6) In *Whorton*, the Supreme Court observed that under *Crawford v. Washington*, 541 U.S. 36 (2004), "the Confrontation Clause has no application to [out-of-court nontestimonial statements] and therefore permits their admission even if they lack indicia of reliability." *Id*.  In *Davis*, the Supreme Court noted that the Confrontation Clause applies only to "testimonial" hearsay, and that statements taken by police officers in the course of an interrogation are "nontestimonial," and not subject to the Confrontation Clause, when they are made under circumstances objectively indicating that the primary purpose of the interrogations is to enable police assistance to meet an ongoing emergency. *Id*. In the present case, the victim made a statement to a bystander and to a first responder at the scene, immediately after being shot, and at a point in time when the identity and the whereabouts of the shooter were unknown. As recognized by the Court, it is important for first responders to be able to ensure that a shooter is not in the immediate vicinity when tending to a victim. Such circumstances objectively indicate that the primary purpose of the first responder's inquiry is to enable police assistance to meet a current and ongoing emergency. As such, the victim's dying declarations in this case must be classified as "nontestimonial," and Plessy did not have a right to confront the declarant.

As the Court commented, Plessy's third ground for relief is subject to procedural default as he failed to raise a federal Confrontation Clause claim during his appeal in state court; but, even assuming otherwise for the sake of analysis, the claim fails on the merits. The trial court's ruling regarding the victim's dying declarations was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United

States. *See* 28 U.S.C. § 2254(d)(1). The undersigned does not believe that such a finding is debatable among reasonable jurists.

### III.  Conclusion

Based upon the foregoing, I recommend that the instant Motion for Certificate of Appealability (Doc. 27) and the Motion for Leave to Appeal In Forma Pauperis (Doc. 29) be **DENIED**.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of April, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE